## Strayer License

*Donald G. Oyler*, for appellant.

*Oscar F. Spicer*, for Commonwealth.

MACPHAIL, P. J., October 21, 1968.—In this appeal from an order of the Secretary of Revenue suspend-

ing petitioner's operating privileges for a period of one year, the following facts were stipulated by counsel:

1. Petitioner was charged on September 10, 1966, with violating section 601 of The Vehicle Code of April 29, 1959, P. L. 58, in that he was operating a motor vehicle without having been licensed as an operator.

2. Petitioner plead guilty and since this was a first offense under section 601, the magistrate imposed a fine which petitioner paid.

3. On March 27, 1968, petitioner received a notice from the secretary advising him that his privileges had been suspended for one year pursuant to section 618(a) (2) *for operating during a period of suspension,* that being a violation of section 624(6) of The Vehicle Code. The effective date of the suspension order was July 14, 1968.

4. On July 2, 1968, after petitioner had taken his appeal, appellant received a "corrected notice" from the secretary advising him that his operating privileges had been suspended for one year pursuant to section 618(b) (2) for a violation of section 624(6). The effective date of that order was also July 14, 1968.

5. Petitioner is a truck driver and is dependent upon his operating privileges for his livelihood.

## DISCUSSION

Both the Commonwealth and petitioner waived a hearing before this court and requested that the court render a decision on the basis of the stipulated facts and the various certificates and affidavits filed as exhibits by the Commonwealth.

Among the certificates and affidavits submitted by the Commonwealth is a certified copy of the Pennsylvania State Police Traffic Arrest Report which charges petitioner with violating section 601. Across the arrest report in red ink is handwritten, "Hearing, Cite 601

and 624.6". A certified copy of the notice of the departmental hearing sent to petitioner was also filed. It states that petitioner was involved in a motor vehicle "violation 601, 624(6) on September 10, 1964". There is an affidavit of the Commissioner of Traffic Safety stating that a departmental hearing had been held and that "defendant Francis E. Strayer appeared and testified, therein regarding violation of Section 624(6) . . . that upon the basis of information contained in said defendant's file and from facts adducted (sic) at the said hearing a suspension of one (1) year was imposed. . . ." Finally, there is a certification from the department files showing that petitioner had three prior radar arrests in 1965 and that on July 14, 1967, petitioner's license was suspended for one year effective July 14, 1967.

Petitioner's position is that the secretary had no authority to suspend his license under section 618(a)-(2) for a summary offense; that the "corrected notice" is a nullity; and that under all of the circumstances, including the hardship to petitioner, the orders of the secretary should be set aside.

Admittedly, the records of the department leave something to be desired. There seems to be no doubt that the event which set the whole process into motion was petitioner's arrest for violation of 601 and it is equally clear that the secretary would have no right to suspend petitioner's license for that reason under the authority of section 618(a)(2). It also appears that at the time of his arrest for operating without a license, petitioner's privileges had been suspended and this offense, of course, would constitute a violation of section 624(6). However, it does not appear from any of the facts stipulated or affidavits filed that petitioner had been convicted of that offense or had forfeited bail on that charge. Accordingly, notwithstanding the fact that petitioner was, in fact, in violation

of section 624(6) at the time he was arrested, the secretary would have no authority to suspend his license under the provisions of section 618(a) (2). The secretary would have such authority under section 618-(b) (2). Obviously, when this appeal was taken, the secretary discovered the error and attempted to correct it.

Therefore, the issue here is whether or not the improper designation of the statutory authority for the secretary's action is fatal to a suspension ordered pursuant to that erroneous authority.

In Liska Appeal, 27 D. & C. 2d 208 (1962), the court under somewhat similar circumstances sustained the action of the secretary where an improper designation was used holding that "the use of (b) instead of (a) is an inadvertent error". However, that court also said, at page 211, "If the notice of withdrawal merely specified as the reason for withdrawal the words 'Section 618(b) (2)', it could not be sustained under the evidence. However, it specifies that the reason is 'misdemeanor in connection with the use of a motor vehicle, Section 618(b) (2)' ". Petitioner before us, in view of the language just quoted, seeks to distinguish the Liska case from his own and we do feel that there is a valid distinction.

In Kilmer Suspension, 10 Lebanon 344 (1965), petitioner was notified that the secretary's order was entered pursuant to section 618(a) (1) when, in fact, petitioner had done nothing that would bring him within the provisions of that section. However, there, as here, petitioner's offense would have justified the secretary's action under another section of the code. Judge Gates, in reversing the secretary, said, at page 345, "Fundamental concepts of fairness would require that the Secretary of Revenue notify the licensee of the legal basis for the suspension so as to appraise the licensee of the validity of the action of the secretary". We agree.

The so-called "corrected notice" sent to petitioner in this case after he had filed his appeal is not the proper remedy to cure the defect. There is no statutory authorization for such a procedure and we are firmly of the opinion that such a procedure should not be permitted. If the secretary decides that a suspension is warranted under the authority of 618(b)(2) by the facts in this case, he will not be precluded by this order from further proceedings under the proper provisions of the code but he should institute new proceedings rather than attempt to correct an error in the order after an appeal is taken.

We need not and will not rule upon the effect of the hardship allegation.

### ORDER OF COURT

And now, October 21, 1968, the appeal is sustained and the order of the Secretary of Revenue suspending the operating privileges of petitioner is reversed. Costs to be paid by the County of Adams.